Judge Mills
delivered the opinion of the court.
This is an action of covenant, wherein the plaintiff in the court below, counted on a deed evidencing the sale of a slave, and warranting the soundness or health in these *247 words:—“And the said Alexander also warrants the said girl to be sound and healthy, and clear of every impediment. The only breach assigned is, that the slave at the time of the sale was not sound and healthy, and clear of every impediment whatsoever. To this declaration the defendant pleaded, covenants performed, and concluded to the country. To try this issue, if issue it can be called, a jury was sworn, who found for the defendant. The plaintiff moved for a new trial, which was refused by the court, and to that opinion an exception was taken, and the evidence spread upon the record. The errors here assigned question the sufficiency of the issue found for the defendant, and also the opinion of the court refusing a new trial.
To constitute a good plea, def't should confess, & avoid or traverse the allegations of the declaration.
"Covenants performed" is not an issuable plea, to a covenant when obligor does not stipulate to do anything but only warrants a fact to exist at the time of making the warranty.
When a repleader is awarded it should be at the expense of his committing the first error.
Talbot for appellant, Bibb for appellee.
It is evident on the first blush, that the plea of the defendant neither confesses and avoids, nor traverses the breach assigned, one of which it ought to have done to have made it a good plea.
There is no stipulation on the part of the defendant to perform any thing; what then does he answer, or alledge, why the plaintiff should not recover, when the avers performance?—Certainly nothing. The covenant somewhat similar to a covenant of seisin, declares a fact to be so and to exist at that moment, and of course on its existence or non-existence the responsibility of the defendant depends. Its existence he has not gainsayed, or if it existed, he has shewn no reason why he should not be responsible, by alledging performance. It is then evident that the response of the jury to the issue left his responsibility as it was before. The fact of unsoundness of the slave at the time of sale is as inferrible from the record as ever, and such verdict could not warrant a judgment against the plaintiff, while the uncontradicted record shewed no reason why he should not have judgment. The judgment for this cause is erroneous, and must be reversed, with directions to the court below to award a repleader, which generally ought to be done against the party first in default. In making such issue, see Sell. Prac. 529; 1 Chit. 632.
As the opinion of this court is for the appellant on this point, it is wholly unnecessary to give any opinion on the weight of the evidence, especially as that evidence may be very different on the next hearing, and may then be applied to an issue of another character.